## STENTOR ELECTRIC MFG. CO., Inc., v. KLAXON CO.

### No. 4.

District Court, D. Delaware.

July 7, 1939.

Murray C. Bernays and Abraham Friedman (of Ernst, Gale Bernays & Falk), both of New York City, and Paul Leahy (of Ward & Gray), of Wilmington, Del., for plaintiff.

Hugh M. Morris, Edwin D. Steel, Jr., and George B. Pearson, Jr., all of Wilmington, Del., for defendant.

NIELDS, District Judge.

January 26, 1939, a stipulation was entered into between the parties to this case.

In this stipulation defendant waived notice of the taking of the depositions of certain witnesses including B. W. Cooper and agreed to produce "any and all existing records recited in the annexed form of subpoena duces tecum which are available at Anderson, Indiana, without service of subpoena duces tecum". In the annexed form of subpoena plaintiff was commanded to produce on the sixth day of February, 1939, at the office of Delco-Remy Division of General Motors Corporation at Anderson, Indiana, numerous books, records, papers and documents set out on three typewritten pages "having to do with the certain agreement dated May 20, 1918 between Stentor Electric Manufacturing Company and Klaxon Company which is in suit herein"; and "touching upon or having to do with (1) any and all efforts made by the aforementioned companies or any of them to further the manufacture and sale of the articles covered by the aforementioned contract."

In response to said subpoena certain exhibits designated "Cooper Exhibits 9 and 10" were produced at the taking of the deposition but counsel for defendant refused to permit inspection of the same by counsel for plaintiff. It was thereupon agreed that said exhibits should be sent to the clerk of this court and remain in his custody until plaintiff should move the court to determine the right of the plaintiff to examine the documents in question. February 24, 1939, plaintiff moved this court for an order requiring defendant, Klaxon Company, United Motors Corporation, Remy Electric Company, Delco-Remy Corporation and/or General Motors Corporation to permit plaintiff to inspect and to copy said exhibits designated "Cooper Exhibits 9 and 10" then in the custody and possession of the clerk.

March 22, 1939, the court, pursuant to Rule 53, 28 U.S.C.A. following section 723c, entered an order directing William Prickett, Esq., as special master "to examine said exhibits identified as 'Cooper Exhibits 9 and 10' in the light of the pleadings and depositions heretofore taken in this case; and to consider the materiality of said 'Cooper Exhibits 9 and 10' to the issues" and "to report to this court which, if any, of the papers or documents included in said 'Cooper Exhibits 9 and 10' are in the opinion of said special master material to the issues in this case"; and further, "to report to this court which, if

any, of the papers or documents included in said 'Cooper Exhibits 9 and 10' are not in the opinion of said special master material to the issues in this case".

June 21, 1939, the special master filed his report finding, inter alia, that "it was understood by me that under the order of March 22, 1939 I was to determine the materiality of the documents in the Cooper exhibits only insofar as they supported the plaintiff's side of the issues formed by the pleadings and as to which he was entitled to discovery. Counsel for the plaintiff concurred in this interpretation of the order. Consequently I have not determined what documents may be material to support the defendant's side of the issues framed by the pleadings". The special master further found, "I examined all the books, records, and documents contained in 'Cooper Exhibits 9 and 10' and determined that those numbered from 1 to 189 inclusive were material to the support of the plaintiff's cause * * * The balance of the documents numbered from 300 to 1037 inclusive are in my opinion not material to the issues raised by the plaintiff in this cause".

June 22, 1939, pursuant to the stipulation of the parties to this action all of "Cooper Exhibits 9 and 10" in the possession of the clerk were delivered to counsel for plaintiff in whose custody they have remained.

Plaintiff has been accorded the right of inspection of the books, records and documents contained in "Cooper Exhibits 9 and 10" and numbered from 1 to 189, inclusive, but has been refused inspection of the documents numbered from 300 to 1037, inclusive. During the trial of this case counsel for plaintiff moved the court that plaintiff be permitted to inspect the documents numbered from 300 to 1037, inclusive.

From the above recital of the facts contained in the records of this court it is apparent that plaintiff is not barred from exercising its right of inspection of any and all of the documents included in "Cooper Exhibits 9 and 10". Defendant has introduced in evidence certain documents from those numbered 300 to 1037 which the court ruled material to defendant's case. It is quite possible that other documents included in those numbered from 300 to 1037, inclusive, are material to the issues in this case. At this stage of the trial it is wholly impractical to refer this matter again to the special master for

the purpose of determining whether or not any of the documents numbered from 300 to 1037, inclusive, are material to any issue in this case whether raised by plaintiff or defendant.

Plaintiff shall be accorded full right of inspection of said documents under Rule 34 with the further right to offer any of the same in evidence. To avoid delay in the trial before the jury such inspection should be exercised between the filing of this memorandum and Monday, July 10, 1939, at 9 o'clock in the forenoon (Eastern Standard Time).